No. 80-31

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

IN THE MATTER OF A.C.S. and
E.S.S., Youth in Need of Care.

---

Appeal from:   District Court of the Thirteenth Judicial District,
               In and For the County of Yellowstone.
               Honorable Diane G. Barz, Judge presiding.

Counsel of Record:

For Appellant:

Stacey and Nye, Billings, Montana

For Respondent:

Harold F. Hanser, County Attorney, Billings, Montana
Olsen, Christensen and Gannett, Billings, Montana

---

Submitted on briefs:  August 6, 1980

Decided:  NOV 26 1980

Filed:  NOV 26 1980

_Thomas J. Kearney_
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The mother appeals from a Yellowstone County District Court judgment that terminated her parental rights and awarded custody of her two minor sons to the Department of Social and Rehabilitation Services (SRS). The sole issue is whether the District Court erred by interviewing the children in chambers outside the presence of the mother and counsel. The mother contends she was deprived of her right to cross-examine the children. We affirm the judgment of the District Court.

At the hearing to terminate parental rights and to give permanent custody to SRS, the mother was represented by counsel, and both children were represented by an attorney, who had been appointed as a guardian ad litem to protect their interests.

A clinical psychologist testified that he had examined the mother and found that she suffered from schizophrenia of a schizo-affective type, a mental illness that causes a distortion of an individual's emotions and interferes with an accurate perception of the feelings of others. He testified that the problem was of long duration and that therapy would not likely improve the condition. He concluded that the mother did not have the emotional capability or judgment necessary to prove an adequate home environment for the children.

The same psychologist examined and evaluated the children. He testified that the emotional development of the older son was normal, but that the younger son showed signs of emotional disturbance. At the time of the hearing, the children were twelve and nine years old.

-2-

A woman friend of the mother who had lived with the mother in June 1978, stated that she had seen the mother strike the twelve-year-old boy with the cord of a vacuum cleaner for a trivial reason, and that the mother also required this son to pick up the lint from the carpet with his hands because the vacuum cleaner used too much electricity. On the other hand, the mother treated the nine-year-old boy as an infant. He was not required to perform household chores. A social worker for SRS also testified to the mother's harsh treatment of one son and lenient treatment of the other son. Finally, the childrens' paternal grandmother testified that, based upon her observations, the mother could not care for the children and was emotionally incapable of properly caring for the children.

The trial court also announced to counsel and the mother that it wished to interview both children in chambers. Neither counsel nor the mother objected. The trial court interviewed both boys and both stated that they preferred to live with an aunt and uncle. The mother now claims that the District Court's interview of the boys in chambers violated her rights to due process because her attorney was not present to cross-examine them.

We decline to apply the plain error doctrine to this case. The mother relies on our statement in In the Matter of T.E.R. (1979), ___ Mont. ___, 590 P.2d 1117, 1120, 36 St.Rep. 276, that a child may testify out of the parents' presence in abuse and neglect cases "subject to cross-examination by the parents' attorney . . ." Nothing in that opinion suggests that it is the duty of the District Court judge to assert a parent's right to cross-examination if counsel for the parent does not. Unlike T.E.R., this case does not involve a child giving testimony in chambers. The court

-3-

merely inquired into the children's desires regarding custody. This is a most delicate area, and we see no error in the trial court interviewing the children in chambers. A record was made of the interviews, and furthermore, any claimed right of cross-examination was waived by failing to assert that right at the trial level. The guardian ad litem has also filed a brief in this appeal and strongly supports the District Court's judgment.

We affirm the judgment of the District Court terminating the parental rights of the mother.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices